TORRE
*vs.*
MESSERVEY.

No law authorizes the transfer of a cause from the District to the Probate court.

---

## TORRE *vs.* MESSERVEY.

### APPEAL FROM THE COURT OF THE FIRST DISTRICT.

It is not necessary to prove an amicable demand where the debtor conceals himself to avoid citation, or has left the state and his residence is not known.

In cases of attachment, where both plaintiff and defendant reside without the state, if the residence of the latter be known the plaintiff must prove an amicable demand.

EASTERN DIS.
June, 1832.

TORRE
vs.
MESSERVEY.

This was an attachment case, where both parties resided in the state of South-Carolina. The plaintiff failed to show an amicable demand of the debt, which was put at issue by the pleadings, and judgement being rendered in his favor, with costs, the defendant appealed.

PORTER, J., delivered the opinion of the court.

This case commenced by attachment. There was judgement against the defendant, and she appealed.

The only question she has raised in this court relates to costs. She complains of the judgement below condemning her to pay them, though she pleaded a want of amicable demand, and none was proved.

It is not necessary to prove an amicable demand where the debtor conceals himself to avoid citation, or has left the state and his residence is not known.

The only matter for consideration is, whether the cause commencing by attachment does not take it out of the general rule. If the debtor concealed himself to avoid citation, or if he had left the state and the creditor knew not his residence, we should suppose such circumstances would properly form an exception. But where the plaintiff and defendant live in the same, though another state, and the residence of the latter is known, as appears to be the case here, strangers who claim the benefit of our laws must take their burthens. We see no ground on which an exception can be made. If the reason of the rule be, that the creditor should be punished in costs for suing where he might have been paid by demanding the money from the debtor, it applies with more force to a case where he resorts to so severe a remedy as that by attachment.

In cases of attachment, where both plaintiff and defendant reside without the state, if the residence of the latter be known, the plaintiff must prove an amicable demand.

It is, therefore, ordered, adjudged, and decreed, that the judgement of the District Court be reversed; and it is further adjudged, and ordered, that the plaintiff do recover of the defendant the sum of seven hundred and eighteen dollars and ninety cents, with interest thereon, at the rate of seven per centum per annum, from the first November, 1831, until paid; the plaintiff and appellee paying costs in both courts.

*M'Ready*, for appellant. *Pierce*, for appellee.