InsnEV, J.
The motion to dismiss the appeal in this case comes too late, having been made more than three judicial days after the record was filed. 11 An. 613. 12 An. 475. If the amount in controversy was, as it is stated in the motion, less than three hundred dollars, we should notice that ex officio; but, ,in looking into the record, we find it records that sum.
The plaintiffs, in the injunction, represent that proceedings via executiva, have been instituted against them, to recover the price of certain lands which they purchased from the defendant, and that since their purchase they have discovered that _ on the 30th June, 1855, by private act, duly recorded in the conveyance office, prior to their purchase, the defendant, their vendor, had sold, or promised to sell the same property now seized, to A. Bouüé, and that the defendant cannot consequently insist on the payment of the balance of the price still due, until the incumbrance thus placed upon it is removed.
The defendant, Maillard, excepted, and moved to dissolve tlie injuction, because, among other things, the plaintiffs’ petition showed no cause of *277 action; but he pleaded the general issue, and a trial, contradictorily, between the parties took place upon the merits.
The motion to dismiss, and for the dissolution of the injunction, was in the nature of a demand, and for that purpose the allegations in the plaintiffs’ petition were deemed to be true; but the case being put at issue, it was incumbent on the plaintiffs, on the trial, to make out their case by proof, which they failed to do. Johnson v. Hickey, 4 La. 203; 2 An. 221. 14 An. 703.
The Court below, therefore, properly dissolved the injunction, with interest and damages.
It is therefore ordered, adjudged and decreed, that the judgment of the District Court be affirmed, with costs.